IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MILAN MIRIC,<br><br>Plaintiff,<br><br>v.<br><br>GAMMA EXPRESS LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12-cv-946-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Milan Miric ("Plaintiff") has been permitted to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP statute").[2] As such, the court will address the sufficiency of Plaintiff's complaint under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Whenever the court authorizes a party to proceed without payment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] *See* docket no. 6.

[2] *See* docket nos. 1, 2.

In determining whether a complaint fails to state a claim for relief under the IFP statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id*. at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court is mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro

2

>se plaintiff requires no special legal training to recount the facts
>surrounding his alleged injury, and he must provide such facts if
>the court is to determine whether he makes out a claim on which
>relief can be granted.  Moreover, in analyzing the sufficiency of the
>plaintiff's complaint, the court need accept as true only the
>plaintiff's well-pleaded factual contentions, not his conclusory
>allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

Even when the court liberally construes Plaintiff's complaint, the court concludes that Plaintiff has failed to provide any well-pleaded factual allegations to support his alleged claim for relief.  The preprinted civil rights complaint Plaintiff has filed fails to identify any basis for this court's jurisdiction and is almost entirely blank.  Plaintiff has included only one allegation, which, as best the court can tell, appears to be that he was somehow wrongfully deprived of wages.  Although Plaintiff has submitted several other filings,[3] they are difficult to decipher.  Furthermore, Plaintiff has not attempted to explain how those filings have any relevance or connection to his alleged claim.

For these reasons, the court concludes that Plaintiff's current complaint fails to state a claim on which relief can be granted.  At the same time, however, the court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  Accordingly, Plaintiff is hereby provided with an opportunity to amend his current complaint.  Plaintiff shall

---

[3]  *See* docket nos. 4, 5, 7.

file an amended complaint that complies with the requirements set forth in the above-referenced authorities on or before **February 11, 2013**. Failure to do so will result in a recommendation to Judge Waddoups that this case be dismissed.

    **IT IS SO ORDERED**.

    DATED this 11th day of January, 2013.

                                        BY THE COURT:

                                        PAUL M. WARNER
                                        United States Magistrate Judge